IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION


**CHARLES WAYNE JOHNSON,**                                       **PETITIONER**

**V.**                         **NO. 4:05CV138-P-B**

**CHRISTOPHER EPPS, ET AL,**                                     **RESPONDENTS**


**O P I N I O N**

This cause comes before the court on the petition of Charles Wayne Johnson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, in accordance with his plea of guilty, in the Circuit Court of Washington County, Mississippi, of two counts of sale of cocaine. He was sentenced on March 6, 1998, to 10 years Count I with five years post-release supervision and 10 years on Count II with five years post-release supervision. The court further ordered that the sentences be served consecutively.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply
> to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment
> of a State court. The limitation period shall
> run from the latest of
>     (A) the date on which the judgment became
>     final by the conclusion of direct review
>     or the expiration of the time for seeking
>     such review;
>     (B) the date on which the impediment to
>     filing an application created by State
>     action in violation of the Constitution
>     or laws of the United States is removed,
>     if the applicant was prevented from filing
>     such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Accordingly, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin*, 162 F.3d 295 (5th Cir. 1998), *cert. Denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998); *se also, Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation).

There is no direct appeal from a guilty plea under Mississippi law. *See* Miss. Code Ann. § 99-35-101. Hence, petitioner's judgment became final on April 5, 1998, 30 days after he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).[1] Consequently, unless petitioner filed a "properly filed" application on or before April 5, 1999, to toll the period of

---

[1] The Mississippi State Court allows one exception to the statutory prohibition to direct appeals from guilty pleas: an appeal from a guilty plea within 30 days may be taken when the issue concerned an alleged illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977). Petitioner did not file such an appeal.

2

limitation, any habeas corpus petition challenging the convictions would be filed too late. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The Mississippi state court records indicate that Johnson did not "properly file" a post-conviction motion on or before April 5, 1999.[2] Accordingly, the tolling portion of § 2244(d)(2) is not applicable in this case.

The petition filed in this court in June 2005 was filed approximately 62 months after the allowable time. Petitioner cites no "rare and exceptional" circumstances to warrant equitable tolling.[3] Consequently, the petition must be dismissed with prejudice as untimely filed. A final judgment in accordance with this opinion will be entered.

THIS the 22nd day of May, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner filed a Motion for Post-Conviction Collateral Relief on June 21, 1999 (77 days after the habeas filing deadline), which the trial court dismissed on July 13, 1999. Johnson filed notice of appeal on April 26, 2000, which was denied by the trial court as untimely on May 15, 2000. Johnson then appealed the trial court's denial of his notice of appeal to the Mississippi Court of Appeals, which on May 21, 2002, affirmed the trial court's decision. Petitioner filed a second motion for post-conviction relief on July 18, 2002, which was denied by the trial court on August 7, 2002. On July 20, 2004, the Mississippi Court of Appeals affirmed the decision of the trial court. appealed the trial court's decision, and the Mississippi Court of Appeals affirmed the lower court's denial of relief on January 27, 2004.

[3] Petitioner was not actively misled nor prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, at 513-14 (5th Cir. 1999).